UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SIDNEY GORDON and JEFFREY TAUBER,

      Plaintiffs,

      v.

SONAR CAPITAL MANAGEMENT LLC, et al.,

      Defendants.

DOCKET NO. 1:11-CV-09665 (JSR)

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT, GRANTING CONDITIONAL CLASS CERTIFICATION, AND PROVIDING FOR NOTICE

This consolidated putative class action comes before the Court on Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, Conditional Class Certification, and Approval of Notice ("Motion") and on the Amended Stipulation and Agreement of Partial Class Settlement dated February 21, 2013 ("Stipulation") entered into by Plaintiffs and Defendant Noah Freeman in the above-entitled action ("Action"). The Court has reviewed the Motion and the Stipulation, and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for partial dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation.

**NOW, THEREFORE**, the Court hereby **ORDERS**:

1.     The Court does hereby preliminarily approve the Stipulation and the partial Settlement set forth therein, including the releases contained therein, as being fair, reasonable,

and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing described below. Therefore, the motion for preliminary approval of the proposed partial Settlement is GRANTED.

2. For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Settlement Class) who sold shares of the common stock of Sigma Designs, Inc. ("Sigma") from July 13, 2007 through and including November 28, 2007. Excluded from the Class are (1) Defendants; (2) members of the immediate family of the Individual Defendants; (3) any subsidiaries or affiliates of the Defendants; (4) any person or entity who is, or was during the Settlement Class Period, an investor in or a partner, officer, director, employee or controlling person of the Defendants; (5) any entity in which any of the Defendants has a controlling interest; and (6) the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph. Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:

    (a)    the members of the Settlement Class are so numerous that joinder of all members is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class;

    (c)    the claims and defenses of the representative parties are typical of the Settlement Class;

    (d)    the representative parties will fairly and adequately protect the interests of the Settlement Class; and

  (e)  the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  3. For purposes of settlement only, the Court finds that Lead Plaintiffs Sidney Gordon and Jeffrey Tauber possess claims that are typical of the claims of Settlement Class Members and that they have and will adequately represent the interest of Settlement Class Members, and the Court appoints them as the representatives of the Settlement Class and appoints Lead Counsel, Shapiro Haber & Urmy LLP and Brower Piven, A Professional Corporation, as counsel for the Settlement Class ("Plaintiffs' Counsel").

  4. If for any reason the Effective Date of the Settlement, as defined in ¶1.8 of the Stipulation, does not occur, the Stipulation, including any amendment(s) thereof, and this Order certifying the Settlement Class solely for purposes of the Settlement shall, without the need for further action by the Court or any of the Settling Parties, be null and void, of no further force or effect, and without prejudice to any party, and shall not be: (a) offered or received in evidence or used for any other purpose other than as permitted by the Federal Rules of Evidence or as permitted by the Court in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) described as, construed as, interpreted as or offered or received against Defendant Freeman as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendant Freeman as to any liability, negligence, fault,

wrongdoing on his part or the validity of any claim by Plaintiffs or the merits of any of its defenses; and (c) described as, construed as, interpreted as, or offered or received against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Plaintiffs and the Settlement Class or that the damages recoverable from Defendant Freeman would not have exceeded the Settlement Amount. Except as set forth above, nothing herein shall affect the rights of Defendants Sonar Capital Management, LLC, Neil Druker, or any non-settling party in their defense or prosecution of this action. Each party shall be restored to his, her or its respective position as it existed as of December 21, 2012. In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

5. A hearing ("Settlement Hearing") shall be held before this Court on May 22, 2013 at 4:00 p.m. for the following purposes:

    (a) to determine whether the Court should grant final certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

    (b) to determine whether the proposed partial Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    (c) to determine whether a Judgment as provided in ¶1.12 of the Stipulation should be entered;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to determine whether any applications by Plaintiffs' Counsel for attorneys' fees and/or reimbursement of expenses should be approved; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court approves, as to form and content, the Notice of Proposed Partial Settlement of Class Action ("Notice") and the Summary Notice (as defined below) for publication, annexed as Exhibits A-1 and A-2 hereto, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

7. This civil action was commenced after February 18, 2005. The Court directs Defendant Freeman to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. §1715. Counsel for Freeman shall, at or before the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

8. The firm of The Garden City Group, Inc. ("Claims Administrator") is hereby appointed, under the supervision of Plaintiffs' Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

5

  (a) Defendants shall cooperate, to the extent necessary, in making any shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class;

  (b) No later than thirty (30) calendar days after entry of this Order, Plaintiffs' Lead Counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1, to be mailed by first class mail to all potential Settlement Class Members who can be identified with reasonable effort;

  (c) Plaintiffs' Lead Counsel shall cause the summary notice, in substantially the form annexed as Exhibit A-2 ("Summary Notice"), to be published over the *PR Newswire*, or a similar national business-oriented newswire, with such publication completed no later than fourteen (14) calendar days after the mailing of the Notice; and

  (d) No later than seven (7) calendar days before the Settlement Hearing, Plaintiffs' Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

9. Nominees who sold the securities of Sigma for the beneficial ownership of Settlement Class Members during the Class Period shall send the Notice to all beneficial owners of such Sigma securities within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the

Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All Settlement Class Members shall be bound by all determinations and judgments in this Action, concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class. The persons and entities who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to the Settling Defendant in the Action.

11. To request exclusion from the Settlement Class, a putative Settlement Class Member must send a letter, postmarked or delivered, no later than sixty (60) calendar days after entry of this Order to the Claims Administrator. For a request for exclusion to be valid, the putative Settlement Class Member's request for exclusion must include the Settlement Class Member's name, current address, and day-time and evening telephone numbers; the dates of all such Settlement Class Member's purchases and/or sales of Sigma common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear statement that such putative Settlement Class Member wishes to be excluded from the Settlement Class. No further opportunity to request exclusion will be given in this Action. A Settlement Class Member's

failure to comply with the foregoing requirements for requesting exclusion from the Settlement Class will result in such request being invalid and ineffective.

12. Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons. This shall not apply to Plaintiffs' claims against the non-settling Defendants.

13. Any Settlement Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Plaintiffs' Counsel and counsel for the Settling Defendant a notice of such appearance no later than sixty (60) calendar days after entry of this Order. If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

14. All papers in support of the Settlement, the Plan of Allocation, Plaintiffs' Counsel's application for an award of attorneys' fees and Plaintiffs' Counsel's application for reimbursement of expenses shall be filed no later than thirty (30) calendar days after entry of this Order.

15. Any Settlement Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Plaintiffs' Counsel's application for an award of attorneys' fees and/or why Plaintiffs' Counsel's application for reimbursement of expenses should not be granted; provided, however, that no Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person wishes to

submit in support of any such objection delivered or post-marked no later than sixty (60) calendar days after entry of this Order to each of the following:

CLERK OF THE COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

SHAPIRO HABER & URMY LLP
Edward F. Haber
53 State Street
Boston, MA 02109

*Plaintiffs' Lead Counsel*

DECHERT LLP
Benjamin E. Rosenberg
David S. Hoffner
1095 Avenue of the Americas
New York, NY 10036

*Attorney for Defendant Noah Freeman*

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed partial Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections and/or in further support of the above-noted motions shall be filed no later than seven (7) calendar days before the Settlement Hearing.

16. All funds held by the Escrow Agent shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts reasonably incurred or disbursed pursuant to ¶¶2.4, 2.6, or 2.7 of the Stipulation for costs and expenses of providing notice and administration of the Settlement.

18. This Order, the Settlement, the Stipulation and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose other than as permitted by the Federal Rules of Evidence or as permitted by the Court in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against Defendant Freeman as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendant Freeman as to any liability, negligence, fault, wrongdoing on his part or the validity of any claim by Plaintiffs or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Plaintiffs and the Settlement Class or that the damages recoverable from Defendant Freeman would not have exceeded the Settlement Amount. Except as set forth above, nothing herein shall affect the rights of Defendants Sonar Capital Management, LLC, Neil Druker, or any non-settling party in their defense or prosecution of this action.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and the Settling Defendant, if appropriate, without further notice to the Settlement Class.

Dated: _____3/6/_____, 2013

_____<br>
HONORABLE JED S. RAKOFF<br>
UNITED STATES DISTRICT JUDGE