**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SIDNEY GORDON and JEFFREY
TAUBER,

      Plaintiffs,

         v.

SONAR CAPITAL MANAGEMENT LLC,
et al.,

      Defendants.

DOCKET NO. 1:11-CV-09665 (JSR)

---

**PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR:**
**(1) FINAL APPROVAL OF CLASS NOTICE AND FINAL CERTIFICATION OF THE**
**CLASS FOR PURPOSES OF SETTLEMENT; (2) FINAL APPROVAL OF PROPOSED**
**PARTIAL SETTLEMENT; (3) APPROVAL OF THE PROPOSED PLAN OF**
**ALLOCATION; AND (4) REIMBURSEMENT OF LITIGATION EXPENSES**

SHAPIRO HABER & URMY LLP
Edward F. Haber
53 State Street
Boston, MA 02109
Tel.: 617-439-3939

BROWER PIVEN
 A PROFESSIONAL CORPORATION
David A.P. Brower
Brian C. Kerr
475 Park Avenue South, 33rd Floor
New York, NY 10016
Tel.: 212-501-9000

*Lead Counsel for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES………..…………………………………………...…..     ii

INTRODUCTION ………………………………………………………………..     1

ARGUMENT …………………………………………………………………..     1

I.      THE REACTION OF THE SETTLEMENT CLASS
        SUPPORTS THE SETTLEMENT, PLAN OF ALLOCATION,
        AND REQUESTED LITIGATION EXPENSES …………………...………….     1

II.     CONCLUSION …………………………………………………………..….     4

**TABLE OF AUTHORITIES**

<u>CASES</u>

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL 1500,
   2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. Apr. 6, 2006) ………………………… 2

*In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694
   (E.D. Mo. 2002) ……………………………………………………….... 4

*Banyai v. Mazur*, 00 Civ. 9806 (SHS), 2007 U.S. Dist. LEXIS 22342
    (S.D.N.Y. Mar. 27, 2007) ……………………………………………..... 3

*Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304 (3d Cir. 1993) ………………………………... 2

*Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799 (3d Cir. 1974) …………………………….. 4

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ………………………… 1

*County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295
   (2d Cir. 1990) ……………………………………………………….... 3

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) …………………………………… 2

*EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884 (7th Cir. 1985) …………………………… 3

*Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975) ………………………………………… 3

*Hammon v. Barry*, 752 F. Supp. 1087 (D.D.C. 1990) ………………………………………….. 3

*Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996) …………………………………………………... 3

*Laskey v. Int'l Union, UAW*, 638 F.2d 954 (6th Cir. 1981) ……………………………………….. 4

*Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581(3d Cir. 1999) ……………………………………….... 4

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358
   (S.D.N.Y. 2002) ……………………………………………………...… 2, 3

*Marisol A. v. Giuliani*, 185 F.R.D. 152 (S.D.N.Y. 1999) …………………………………….. 3

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
   246 F.R.D. 156 (S.D.N.Y. 2008) ……………………………………………….. 4

*Parker v. Anderson*, 667 F.2d 1204 (5th Cir. 1982) …………………………………………….. 4

*Phemister v. Harcourt Brace Jonanovich, Inc.*, 77CV39,
     1984 U.S. Dist. LEXIS 23595 (N.D. Ill. Sept. 14, 1984) …………………..……...   3

*In re Prudential Insur. Co. of Am. Sales Pracs. Litig.*,
     962 F. Supp. 450 (D.N.J. 1997) …………………………………………………...   2

*Purcell v. Keane*, 54 F.R.D. 455 (E.D. Pa. 1972) …………………………………………   4

*Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983) ………………………...…   3, 4

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180
     (10th Cir. 2002) …………………………………………………………………   4

*Sewell v. Bovis Lend Lease LMB, Inc.*, 09 Civ. 6548,
     2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 16, 2012) ………………………   3

*Stoetzner v. United States Steel Corp.*, 897 F.2d 115
     (3d Cir. 1990) …………………………………………………………………...   3

*Strougo v. Bassini*, 258 F. Supp. 2d 254 (S.D.N.Y. 2003) ………………………………   3

*In re Sumitomo Copper Litig.*, 189 F.R.D. 274 (S.D.N.Y. 1999) ………………………   2

*Thomas v. Albright*, 139 F.3d 227 (D.C. Cir. 1998) …………………………………..   4

*TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456 (2d Cir. 1987) ………………………   3

*Wright v. Stern*, 553 F. Supp. 2d 337 (S.D.N.Y. 2008) ……………………………….  1, 2, 4

Pursuant to the Court's March 8, 2013 Order Granting Preliminary Approval of Partial Settlement, Granting Conditional Class Certification, and Providing for Notice ("Preliminary Approval Order"), Lead Plaintiffs Sidney Gordon and Jeffrey Tauber ("Plaintiffs") respectfully submit this memorandum in further support of their motion for entry of the [Proposed] Final Judgment and Order of Dismissal, which: (1) certifies the Class for settlement purposes; (2) approves the partial Settlement ("Settlement") with Defendant Noah Freeman ("Freeman" or "Settling Defendant"); and (3) approves the Plan of Allocation of the Settlement Fund, and the motion by Lead Counsel for Plaintiffs (Shapiro Haber & Urmy LLP and Brower Piven, A Professional Corporation) seeking an award for reimbursement of litigation expenses to date.

## INTRODUCTION

The reaction of the Settlement Class to the Settlement has been overwhelmingly positive. Of the over 26,000 notices that were mailed to potential Settlement Class Members, no putative Settlement Class Members have sought to exclude themselves from the Settlement Class. There are also no objections. As discussed below, the lack of opt-outs and objections strongly supports approval of the Settlement, Plan of Allocation, and the request by Lead Counsel for reimbursement of litigation expenses.

## ARGUMENT

### I.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS THE SETTLEMENT, PLAN OF ALLOCATION, AND REQUESTED LITIGATION EXPENSES

The reaction of the class to the settlement must be considered when evaluating a class action settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). "The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate." *Wright v. Stern*, 553 F. Supp. 2d

1

337, 344-45 (S.D.N.Y. 2008); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("overwhelmingly positive response by the Class [evidenced by small number of objections and opt-outs] attests to the approval of the Class with respect to the Settlement and the fee and expense application").

Here, Plaintiffs published notice on *PR Newswire* in April 2013, posted the Notice on the Claims Administrator's website (www.gcginc.com), and the Claims Administrator mailed over 26,000 copies of the Notice Packet to potential Settlement Class Members. *See* Affidavit of Abbe L. Darr Regarding (A) Mailing of the Notice; (B) Publication of the Summary Notice; and (C) Requests for Exclusion Received to Date ("Darr Aff.") at ¶7.

The deadline to object to the Settlement, Plan of Allocation, and/or the Expense Application was May 7, 2013. To date, no requests for exclusion have been received, Darr Aff. ¶9, and there have been no objections.

The lack of requests for exclusion weighs in favor of approval of the Settlement. *Wright*, 553 F. Supp. 2d at 344-45. This underscores the very positive reaction by Settlement Class Members to the Settlement and supports approval. *E.g.*, *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL 1500, 2006 U.S. Dist. LEXIS 17588, *36 (S.D.N.Y. Apr. 6, 2006) (opt-outs amounting to less than 0.2% of the putative class members weighed in favor of settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (fact that fewer than 1% of class members requested exclusion "strongly favor[ed] approval of the proposed settlement").[1]

---

[1] *See also D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) (where 18 class members filed written objections from a class of approximately 27,800 members, the district court "properly concluded that this small number of objections weighed in favor of the settlement"); *In re Prudential Insur. Co. of Am. Sales Pracs. Litig.*, 962 F. Supp. 450 (D.N.J. 1997), *aff'd*, 148 F.3d 283, 318 (3d Cir. 1998); *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1313-14 n.15 (3d Cir. 1993) (small proportion of objectors constituted tacit consent to settlement and weighs in favor of

Moreover, "[a] settlement can, of course, be fair notwithstanding a large number of objectors," *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 462 (2d Cir. 1987), and courts in this Circuit have approved settlements with far more objectors than here (where there are zero), *id.* (affirming approval of a settlement where 54%-58% of the shares of class members objected); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1325 (2d Cir. 1990) (affirming approval of a settlement where the court assumed that "a majority" of class members objected); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 23 (2d Cir. 1987) (affirming approval of settlement where as many as 48% of class may have objected).[2] Indeed, although not the case here, courts

---

approval) (citations omitted); *Sewell v. Bovis Lend Lease LMB, Inc.*, 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, *21 (S.D.N.Y. Apr. 16, 2012) ("The fact that the overwhelming majority of class members have neither objected nor opted out weighs in favor of settlement approval."); *Banyai v. Mazur*, 00 Civ. 9806 (SHS), 2007 U.S. Dist. LEXIS 22342, *27 (S.D.N.Y. Mar. 27, 2007) ("a small number of objections received when compared to the number of notices sent weighs in favor of approval," and finding that the fact that 12 objections were received from a class of 100,000 demonstrated that "the Class as a whole appears to have reacted favorably"); *Strougo v. Bassini*, 258 F. Supp. 2d 254, 258 (S.D.N.Y. 2003) ("It has repeatedly been held that one indication of the fairness of a settlement is the lack of or small number of objections."); *Maley*, 186 F. Supp. 2d at 362 (it is "well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy," as the "lack of objections may well evidence the fairness of the Settlement"); *Marisol A. v. Giuliani*, 185 F.R.D. 152, 163 (S.D.N.Y. 1999) ("The Court views the small number of comments from a plaintiff class of over 100,000 children as evidence of the Settlement Agreements' fairness, reasonableness, and adequacy."); *Hammon v. Barry*, 752 F. Supp. 1087, 1093 (D.D.C. 1990) ("[O]ne indication of the fairness of a settlement is the lack of or small number of objections."); *Phemister v. Harcourt Brace Jonanovich, Inc.*, 77CV39, 1984 U.S. Dist. LEXIS 23595, *35 (N.D. Ill. Sept. 14, 1984) (approving settlement of antitrust action for cash and discount coupons for defendant's publications where out of 150,000 potential class members, 49 objections were filed, stating: "It appears that the settlement was deemed unobjectionable by more than 99 percent of those in the class and those filing claims.").

[2] *See also Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (approving settlement where 13% of class objected); *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (finding objections from 10% of the class "strongly favors settlement"); *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 891 (7th Cir. 1985) (approving consent decree over objections of 15% of class); *Reed v. General Motors Corp.*, 703 F.2d 170, 174 (5th Cir. 1983) (approving settlement despite opposition of 40% of class); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("The attitude of the members of the Class, as expressed directly or by failure to object, after notice, to the settlement, is a proper consideration for the trial court, though a settlement is not

have even approved settlements where the named plaintiffs object to the settlement. *E.g.*, *Laskey v. Int'l Union, UAW*, 638 F.2d 954, 957 (6th Cir. 1981) ("That the class counsel proposed a settlement which the named representatives opposed does not prove that the interests of the class were not protected.").[3]

In sum, the lack of opt-outs and objections heavily favors approval of the Settlement.

## CONCLUSION

For all of the reasons set forth above and in their other papers submitted in support of the Motion, Plaintiffs respectfully request that the Court approve the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's request for $18,304.99 in reimbursement of litigation expenses.

---

unfair nor unreasonable simply because a large number of class members oppose it."); *Lasky v. International*, 638 F.2d 954, 957 (6th Cir. 1981) (settlement approved where 6% of the class objected); *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 803 (3d Cir. 1974) (approving settlement where more than 20% of class objected); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 168 (S.D.N.Y. 2008) (approved settlement where 11 potential class members objected); *Wright*, 553 F. Supp. 2d at 344 (approved settlement where 13 class members objected).

[3] *See also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002) (affirming settlement approval despite the objection of two named plaintiffs); *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 589 (3d Cir. 1999) ("In many class actions, one or more class representatives will object to a settlement and become adverse parties to the remaining class representatives (and the rest of the class)"); *Thomas v. Albright*, 139 F.3d 227, 233 (D.C. Cir. 1998) (approving settlement despite objection of several named plaintiffs); *Reed*, 703 F.2d at 174 (approving settlement over the objections of 23 of 27 named-Plaintiffs and nearly 40% of the Class); *Parker v. Anderson*, 667 F.2d 1204, 1211 (5th Cir. 1982) ("[A]greement of the named plaintiff is not essential to approval of a settlement which the trial court finds to be fair and reasonable"); *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 703-04 (E.D. Mo. 2002) (approving settlement over the objections of the three named plaintiffs); *Purcell v. Keane*, 54 F.R.D. 455 (E.D. Pa. 1972) (approving settlement over the objections of nine individuals, including four of the six named plaintiffs).

4

Dated: May 15, 2013

BROWER PIVEN
 A PROFESSIONAL CORPORATION


By: _____ */s/ Brian C. Kerr*_____
David A.P. Brower
Brian C. Kerr
475 Park Avenue South, 33rd Floor
New York, NY 10016
Tel.: (212) 501-9000

SHAPIRO HABER & URMY LLP
Edward F. Haber
53 State Street
Boston, MA 02109
Tel.: (617) 439-3939

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Brian C. Kerr, hereby certify that on May 15, 2013, I caused this Plaintiffs' Memorandum Of Law In Further Support Of Motion For: (1) Final Approval of Class Notice and Final Certification Of The Class For Purposes Of Settlement; (2) Final Approval Of Proposed Partial Settlement; (3) Approval Of The Proposed Plan Of Allocation; And (4) Reimbursement Of Litigation Expenses to be served on:

### *VIA ELECTRONIC MAIL*

Benjamin E. Rosenberg
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: 212-698-3500

David S. Hoffner
Hoffner PLLC
325 Broadway, Suite 505
New York, NY 10007
Tel: 212-941-8137

*Counsel for Defendant Noah Freeman*

Mark Joseph Hyland
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-574-1541

*Counsel for Defendants Neil Druker and Sonar Capital Management LLC*

/s/ *Brian C. Kerr*
Brian C. Kerr