UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIDNEY GORDON and JEFFREY TAUBER,

    Plaintiffs,

v.

SONAR CAPITAL MANAGEMENT LLC, et al.,

    Defendants.

DOCKET NO. 1:11-CV-09665 (JSR)

**AFFIDAVIT OF ABBE L. DARR REGARDING
(A) MAILING OF THE NOTICE; (B) PUBLICATION OF THE
SUMMARY NOTICE; AND (C) REQUESTS FOR EXCLUSION RECEIVED TO DATE**

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF NASSAU  )

ABBE L. DARR, being duly sworn, deposes and says:

1. I am a Director of Operations for The Garden City Group, Inc. ("GCG"). Pursuant to the Court's Order of Preliminary Approval dated March 8, 2013 (the "Preliminary Approval Order"), GCG was authorized to act as the Claims Administrator in connection with the settlement of the above-captioned action (the "Action").

**MAILING OF THE NOTICE**

2. Pursuant to the Preliminary Approval Order, GCG has been responsible for disseminating the Notice of Proposed Partial Settlement of Class Action (the "Notice") to potential Settlement Class Members. A copy of the Notice is attached hereto as Exhibit A.

3. On or about April 5, 2013, GCG received, via email, a list from Sonar Capital Management's transfer agent, Computershare, the names and addresses of 168 unique Settlement

Class Members who sold shares of Sigma Designs, Inc. common stock between July 13, 2007 and November 28, 2007, both dates inclusive.

4. On April 8, 2013, GCG mailed by first-class mail, a Notice to each of these 168 potential Settlement Class Members.

5. As in most class actions of this nature, the large majority of potential Class Members are beneficial purchasers whose securities are held in "street name"- i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. GCG maintains a proprietary database with names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database"). GCG's Nominee Database is updated from time to time as new nominees are identified, and others go out of business. At the time of the initial mailing, the Nominee Database contained 1,989 mailing records. On April 8, 2013, GCG caused the Notice to be mailed to the 1,989 mailing records contained in GCG's Nominee Database.

6. From April 9, 2013 to May 14, 2013, GCG received from nominee holders and others a total of 22,704 names and addresses of potential Settlement Class Members. GCG promptly sent a Notice to each such name and address. In addition, during this same time period, GCG received requests from nominee holders for 1,830 Notices to be forwarded by the nominee holders to potential Class Members. GCG promptly provided the requested Notice to the nominee holders.

7. In the aggregate, from April 8, 2013 to May 14, 2013, GCG mailed 26,691 Notices to potential nominees and Settlement Class Members by first-class mail, postage prepaid. This includes 105 Notices that were remailed due to updated addresses provided by the U.S. Postal Service.

## PUBLICATION OF THE SUMMARY NOTICE

8. Pursuant to the Preliminary Approval Order, GCG Communications, the media division of GCG, caused the Summary Notice of Proposed Partial Settlement of Class Action (the "Summary Notice") to be published once on April 22, 2013, over the *PR Newswire*. Attached hereto as Exhibit B is a Confirmation Report for the *PR Newswire* attesting to that issuance.

## REQUESTS FOR EXCLUSION

9. Page 4 of the Notice informs potential Settlement Class Members that any written requests for exclusion from the Class must be addressed to Sonar Capital Management Securities Class Action, Claims Administrator, c/o GCG, Attn: Exclusions Department, P.O. Box 9349, Dublin, OH 43017-4249, such that they are postmarked no later than May 7, 2013. GCG has been monitoring all mail delivered to that Post Office Box. To date, GCG has received no requests for exclusion from the Class.

## OBJECTIONS

10. Page 7 of the Notice further informs potential Settlement Class Members that they can object to the Settlement or any of its terms, the certification of the class, the proposed Plan of Allocation and/or the application by Lead Counsel for an award of fees and expenses by writing to the Court and the Parties setting out their objections such that they are received no later than May 7, 2013. To date, GCG has not received any stray objections from the Class.

_____
Abbe L. Darr

Sworn to before me this
14th day of May, 2013

_____
Notary Public

VANESSA M. VIGILANTE
Notary Public, State of New York
No. 01VI6143817
Qualified in Queens County
My Commission Expires 7-12-2014

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIDNEY GORDON and JEFFREY TAUBER,

    Plaintiffs,

    v.

SONAR CAPITAL MANAGEMENT LLC, et al.,

    Defendants.

DOCKET NO. 1:11-CV-09665 (JSR)

### NOTICE OF PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

To:    All persons and entities who sold shares of Sigma Designs, Inc. common stock between July 13, 2007 and November 28, 2007, both dates inclusive.

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.

### I. SUMMARY OF THIS NOTICE

    This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). The purpose of this Notice is to inform you of the proposed partial settlement of a class action lawsuit ("Action"), as set forth in the Amended Stipulation and Agreement of Partial Class Settlement ("Stipulation" or "Settlement"), between Plaintiffs Sidney Gordon and Jeffrey Tauber ("Plaintiffs") and Defendant Noah Freeman ("Freeman") (collectively, "Settling Parties") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be understood as, an expression of any opinion by the Court concerning the merits of the Action. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement.

    The proposed Settlement creates a fund in the amount of $550,000 in cash before deductions of attorneys' fees, costs, and expenses. The Settlement also requires Freeman to cooperate in the ongoing litigation against Defendants Sonar Capital Management, LLC ("Sonar"), Neil Druker, Primary Global Research, LLC, The John Doe Hedge Fund(s), and John and Jane Does 1 Through 100 – all of whom are excluded from the Settlement ("Excluded Defendants," and together with Freeman the "Defendants"). Plaintiffs' claims against the Excluded Defendants are still pending and will not be resolved by this partial Settlement.

    The Settling Parties disagree on the potential liability of Defendant Freeman and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed at trial on each claim alleged. Plaintiffs and Plaintiffs' Counsel (as defined below) believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class (as defined below) in light of the risks associated with continuing to litigate and proceeding to trial. The Settlement Class, as certified by the Court for the purposes of settlement on March 8, 2013 consists of all Persons (as defined on page 2) (other than those Persons who timely and validly request exclusion from the Settlement Class) who sold shares of the common stock of Sigma Designs, Inc. ("Sigma") between July 13, 2007 and November 28, 2007 ("Settlement Class Period"), both dates inclusive, excluding Defendants, members of the immediate families of any of the Individual Defendants, any subsidiaries or affiliates of the Defendants, any person or entity who is, or was during the Settlement Class Period, an investor in or a partner, officer, director, employee, or controlling person of the Defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph ("Settlement Class").

    If the Settlement is approved by the Court, Court-appointed Lead Counsel for Plaintiffs, Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA 02109 and Brower Piven, A Professional Corporation, 475 Park Avenue South, 33rd Floor, New York, NY 10016 ("Plaintiffs' Counsel"), will apply to the Court for an award of attorneys' fees not to exceed 33.33% of the Settlement Fund (as defined below) and reimbursement of out-of-pocket expenses as compensation for successfully prosecuting the Action. You may contact the claims administrator, The Garden City Group, Inc. ("Claims

Administrator"), or a representative of Plaintiffs' Counsel for further information about the Settlement; see below under "Further Information" for the contact information.

**Statement of Plaintiffs' Recovery** – The proposed Settlement with Defendant Noah Freeman creates a fund in the amount of $550,000 in cash, which will include interest that accrues prior to distribution ("Settlement Fund"). The proposed Settlement also includes the agreement by Defendant Freeman to cooperate with Plaintiffs' Counsel in continuing litigation against the Excluded Defendants. Based on Plaintiffs' Counsel's estimate of the number of shares of stock that may have been damaged, and assuming that all those shares participate in the Settlement, Plaintiffs estimate that the average recovery would be approximately $0.007 per share. Your recovery from this fund, however, will depend on a number of variables, including the number of shares of Sigma you sold during the Settlement Class Period, the number and amount of claims actually filed, and the estimate of recoverable losses based on the analysis of Plaintiffs' damages consultant. You are advised to review the Plan of Allocation set forth on page 5 below, which provides the actual formula that will be applied to claims submitted by each eligible individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, heir, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their predecessors, successors, representatives, or assignees ("Person") who falls within the definition of the Settlement Class ("Settlement Class Member"). This estimate above is also before deduction of any Court-awarded expenses, such as attorneys' fees and out-of-pocket expenses, and the cost of sending this Notice and administering the distribution of the settlement proceeds.

**Statement of Potential Outcome of Case** – Plaintiffs and the Settling Defendant disagree on the potential liability of the Settling Defendant and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed at trial on each claim alleged. The Settling Defendant has maintained and continues to maintain that he has meritorious defenses to all of the claims asserted in the Action. The issues on which the parties disagree include: (1) whether the Settling Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) the amounts by which Sigma shares were allegedly artificially deflated (if at all) during the Settlement Class Period (as defined below); (3) the effect of various market forces influencing the trading price of Sigma shares at various times during the Settlement Class Period; and (4) whether, even if liability could be proven, total damages would be greater than $0.

**Statement of Attorneys' Fees and Costs Sought** – Plaintiffs' Counsel has committed a significant amount of time prosecuting claims against Defendants on behalf of Plaintiffs and the Settlement Class. In addition, they have not been reimbursed for out-of-pocket expenses. If the Settlement is approved by the Court, Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees not to exceed 33.33% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $50,000, to be paid from the Settlement Fund. The Court will determine the amount to be awarded to Plaintiffs' Counsel. If the amounts described above are requested and approved by the Court, the average cost will be approximately $0.003 per share. In addition, Plaintiffs' Counsel may apply to the Court, from time to time, for their fees and expenses, including hourly time billing incurred solely for administration of the Settlement.

**Reasons for Settlement** – Plaintiffs believe that the proposed Settlement with Defendant Freeman is an excellent recovery and is in the best interests of the Settlement Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Settlement Class would not have prevailed on their claims against Defendant Freeman, in which case the Settlement Class would receive nothing from Defendant Freeman. The amount of damages recoverable by Settlement Class Members was and is challenged by Defendant Freeman. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendant Freeman would have asserted that he has meritorious defenses and that Plaintiffs have failed to demonstrate adequately all of the elements of their claims.

**Further Information** – You may contact a representative of Plaintiffs' Counsel for further information about the Settlement by calling the following toll-free number: 1-800-231-1815. You also may email Plaintiffs' Counsel at the following email address: info@gcginc.com. Any written inquiries about the Action should be addressed to Plaintiffs' Counsel at:

Sonar Capital Management Securities Class Action
Claims Administrator
c/o GCG
PO Box 9349
Dublin, OH 43017-4249

2

## II. NOTICE OF HEARING ON PROPOSED PARTIAL SETTLEMENT

A settlement hearing will be held on May 22, 2013, at 4:00 p.m., before the Honorable Jed S. Rakoff, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"). The purpose of the Settlement Hearing will be: (1) to determine whether the Court should grant final certification to the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (2) to determine whether the Settlement consisting of $550,000 in cash and Freeman's agreement to cooperate should be approved as fair, reasonable, and adequate to the Settlement Class and the proposed Judgment (as defined on page 5) entered; (3) to determine whether the proposed Plan of Allocation for the proceeds of the partial settlement is fair and reasonable, and should be approved by the Court; (4) to determine whether any applications for attorneys' fees or expenses to Plaintiffs' Counsel should be approved; and (5) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

## III. THE LITIGATION

Currently pending before the United States District Court for the Southern District of New York is an action purportedly on behalf of all persons who sold the shares of Sigma during the Settlement Class Period and who were damaged thereby. The defendants named in the Action are Sonar, Neil Druker (CEO and portfolio manager of Sonar), Noah Freeman (a managing director of Sonar), Primary Global Research, LLC (which has filed under the federal Bankruptcy Act and as to which all proceedings are stayed), The John Doe Hedge Fund(s), and John and Jane Does 1 Through 100.

On December 29, 2011, plaintiff Sidney Gordon filed a complaint in the United States District Court for the Southern District of New York captioned *Gordon v. Sonar Capital Management LLC., et al.*, Civil Action No. 11 Civ. 9665 ("Action"). By Court Order dated April 9, 2012, Sidney Gordon and Jeffrey Tauber were appointed as co-lead plaintiffs. The Order also provided that Shapiro Haber & Urmy LLP and Brower Piven, A Professional Corporation were appointed jointly as lead counsel.

On April 24, 2012, Plaintiffs filed their Amended Class Action Complaint ("Complaint") asserting violations of Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and SEC Rule 10b-5 arising out of Defendants' alleged insider trading. Plaintiffs also asserted claims under Massachusetts Gen. Laws ch. 109A §§ 5, 6 (fraudulent transfer) and unjust enrichment. Defendants filed their motions to dismiss the Complaint on May 15, 2012. The Court held a hearing on Defendants' motions on June 19, 2012. The Court issued an order on February 8, 2013 granting Defendants' motions to dismiss without prejudice and stating that an opinion explaining the reasons for this ruling will issue in due course. Plaintiffs intend to file a Second Amended Class Action Complaint within thirty (30) days of the date of that opinion.

The Settling Parties have engaged in arm's-length negotiations, resulting in the terms and conditions set forth in the Stipulation.

## IV. CLAIMS OF THE SETTLEMENT CLASS AND BENEFITS OF PARTIAL SETTLEMENT

Plaintiffs believe that the claims asserted in the Action against the Settling Defendant have merit and that the evidence developed to date supports those claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendant through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## V. SETTLING DEFENDANT'S DENIAL OF LIABILITY

Freeman has maintained and continues to maintain that he has meritorious defenses to all of the claims asserted in the Action. He, however, recognizes the uncertainty and the risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend this proceeding through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. Freeman has therefore determined to settle the Action on the terms and conditions set forth in this Notice and to put the Released Claims (as defined on page 6) to rest finally and forever, without in any way acknowledging any liability or damages to Plaintiffs and the Settlement Class.

## VI. TERMS OF THE PROPOSED PARTIAL SETTLEMENT

Freeman has paid cash in the amount of $550,000 into an escrow account, which will earn interest for the benefit of the Settlement Class, pursuant to the terms of the Stipulation, until distributed to eligible claiming Settlement Class Members. Freeman has also agreed to provide cooperation in connection with Plaintiffs' continuing litigation against the Excluded Defendants. In exchange, the Released Claims (as defined on page 6) will be released, discharged, and dismissed with prejudice as against each of the Released Persons (as defined on page 6). A portion of the Settlement Fund will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing newspaper notices, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained herein, a portion of the Settlement Fund may be awarded by the Court to award Plaintiffs' Counsel attorneys' fees and expenses. The Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) notice and administration costs; (iii) taxes and tax expenses; and (iv) other Court-approved deductions that occur before distribution of the proceeds of the settlement to the Settlement Class ("Net Settlement Fund"), will be distributed to any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimant") according to the Plan of Allocation described below.

## VII. REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must send a letter, postmarked no later than May 7, 2013. In this letter, you must set forth: (a) your name, current address, and day-time and evening telephone numbers; (b) the dates of all your purchases and/or sales of Sigma shares during the Settlement Class Period; (c) the number of shares purchased and/or sold on each such date; (d) the prices paid and/or received for all such shares on each such date; and (e) a clear statement that you wish to be excluded from the Settlement Class. The request for exclusion should be addressed as follows:

> Sonar Capital Management Securities Class Action
> Claims Administrator
> c/o GCG
> Attn: Exclusions Department
> PO Box 9349
> Dublin, OH 43017-4249

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST. NO FURTHER OPPORTUNITY TO REQUEST EXCLUSION WILL BE GIVEN IN THIS ACTION.

If you validly request exclusion from the Settlement Class: (a) you will be excluded from the Settlement Class; (b) you shall have no rights under the Stipulation; (c) you shall not be entitled to submit any Proof of Claim forms; (d) you will not share in the proceeds of the Settlement described herein; (e) you will not be bound by any judgment entered in the Action; and (f) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Settling Defendant based on the matters complained of in the Action.

## VIII. THE RIGHTS OF SETTLEMENT CLASS MEMBERS

If you are a Settlement Class Member, you have the following options:

1. You may file a Proof of Claim at the appropriate time. If you submit a Proof of Claim, you will share in the proceeds of the proposed Settlement if your claim is valid and if the proposed settlement is finally approved by the Court. In addition, you will be bound by the Judgment and release described below. *Please note: you should not submit a claim form at this time. This is only a partial Settlement with one of the Defendants to this Action. If funds become available, you will be notified as to how the claim process will work.*

2. If you have not timely and validly requested exclusion from the Settlement Class, you may object to the Settlement by submitting a written objection by May 7, 2013 (*see* Section XIII below). However, if your objection is rejected, you will be bound by the Settlement and the Judgment just as if you had not objected.

3. You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

4

4. If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Plaintiffs' Counsel, who are:

Edward F. Haber
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109

David A.P. Brower
Brian C. Kerr
**BROWER PIVEN**
A Professional Corporation
475 Park Avenue South, 33rd Floor
New York, NY 10016

*Plaintiffs' Lead Counsel*

You will not be charged personally for the services of Plaintiffs' Counsel.

## IX. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid and timely Proofs of Claim. (**Note: Claim forms should not be submitted at this time as this is only a partial Settlement with one of the Defendants in this Action. If funds become available to Settlement Class Members, you will be notified as to how the claims process will work.**)

For all purposes, the transaction date and not the settlement date shall be used as the date for determining eligibility to file a claim. Gifts and transfers of securities are not eligible purchases. A "short" sale is not an eligible sale under the Plan of Allocation. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. All payments that would amount to less than $10.00 will be added back to the Net Settlement Fund and made available for allocation, as appropriate, to other Eligible Recipients.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Counsel has consulted with their damages expert. The Court may modify the Plan of Allocation without further notice to the Settlement Class. The Court has also reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth below shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Settling Parties, Plaintiffs' Counsel, or the Claims Administrator or other Person designated by Plaintiffs' Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who have failed to complete and file a valid and timely Proof of Claim in this Settlement shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of the Judgment entered and the releases given.

Subject to the foregoing, under the Plan of Allocation, each Authorized Claimant shall be paid the total of the Authorized Claimant's *pro rata* distribution of the Net Settlement Fund for each share of Sigma common stock sold during the Settlement Class Period. Each Authorized Claimant's *pro rata* distribution shall be calculated as follows: the Net Settlement Fund shall be divided by the total number of shares of Sigma common stock sold for which valid claim forms have been submitted, then multiplied by the number of shares sold for which such Authorized Claimant has submitted a valid claim form.

## X. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to the Released Persons, as such terms are defined below. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged Plaintiffs, Plaintiffs' Counsel, and Settlement Class Members from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

5

"Released Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and claims for control person liability, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), whether or not concealed or hidden that (i) have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons (as defined below), or (ii) could have been asserted in the Action or any other forum by the Plaintiffs or any Settlement Class Member against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) such Settlement Class Member's purchase, acquisition, disposition, sale or retention of, other transaction in, or any financial interest in the shares of Sigma common stock during the Settlement Class Period, or (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved in the Action, or set forth or referred to in the Complaint. It is the express intent of the parties that claims against the Excluded Defendants are not being released by the Stipulation.

"Released Persons" means Defendant Freeman and "Related Parties," which means each and every one of Freeman's agents, attorneys, accountants, assigns, spouse, heirs, associates, related or affiliated entities, and any members of his immediate family, and any trusts as to which Freeman is the trustee, settlor or beneficiary.

"Unknown Claims" means any claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this Settlement. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the Settlement of which this release is a material and essential part. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

## XI. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Plaintiffs' Counsel will request that the Court award attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund, plus their costs and expenses in an amount not to exceed $50,000, which were incurred and not previously reimbursed in connection with prosecuting the claims in the Action, plus interest. The Court will determine the amount to be awarded to Plaintiffs' Counsel. Plaintiffs' Counsel's fee application will be filed with the Court on April 8, 2013. All such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees, costs, or expenses.

Plaintiffs' Counsel has committed a significant amount of time prosecuting claims on behalf of Plaintiffs and the Settlement Class. In addition, they have not been reimbursed for any of their costs and expenses. The amounts requested by Plaintiffs' Counsel will compensate counsel (at least in part) for their efforts in achieving the partial Settlement for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly contingent basis. The

6

amount to be requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type. Plaintiffs' Counsel may thereafter from time to time apply to the Court, without further notice to the Settlement Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement. All such awards shall be subject to the approval of the Court.

## XII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met or the Stipulation otherwise does not become effective or, under certain specified conditions, the Stipulation is terminated and, thereby, becomes null and void, the parties to the Stipulation will be restored to their respective positions as of the date the Stipulation was executed.

## XIII. THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class can object to the Settlement, or any part of it, and/or the application by Plaintiffs' Counsel for attorneys' fees and expenses. To object, any such Person must submit a written objection and copies of any papers and briefs so they are received on or before May 7, 2013, by each of the following:

| | | | |
|---|---|---|---|
| Clerk of the Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S.<br>Courthouse<br>500 Pearl Street<br>New York, NY 10007 | BROWER PIVEN<br>A Professional Corporation<br>David A.P. Brower<br>Brian C. Kerr<br>475 Park Avenue South,<br>33rd Floor<br>New York, NY 10016<br><br>*Plaintiffs' Lead Counsel* | Shapiro Haber & Urmy LLP<br>Edward F. Haber<br>53 State Street<br>Boston, MA 02109<br><br>*Plaintiffs' Lead Counsel* | Dechert LLP<br>Benjamin E. Rosenberg<br>David S. Hoffner<br>1095 Avenue of the Americas<br>New York, NY 10036<br><br>*Counsel for Defendant Freeman* |

Any written objection must demonstrate the objecting Person's membership in the Settlement Class, including the dates of all such Settlement Class Member's purchases and/or sales of Sigma shares during the Settlement Class Period, the number of shares purchased and/or sold on each such date, and the prices paid and/or received for all such shares on each such date. Only Settlement Class Members who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Persons who intend to object to the Settlement and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

If you wish to attend the Settlement Hearing in person and speak to the Court, you must ask the Court for permission. To do so, you must submit a written statement noting your intention to appear at the Settlement Hearing to the persons noted above so that it is received on or before May 7, 2013.

## XIV. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you sold Sigma shares (NASDAQ GS: SIGM) between July 13, 2007 and November 28, 2007, both dates inclusive, for the beneficial interest of a person or entity other than yourself, THE COURT HAS DIRECTED THAT WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator identified below the name and last known address of each person or entity for whom or which you sold Sigma shares during such time period or (b) request additional copies of this Notice, which will be provided to you free of charge, and within seven days mail the Notice directly to the beneficial owners of those Sigma shares. If you select option (a) above, the Claims Administrator will cause copies of this Notice to be forwarded to the beneficial owners of shares referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. All communications concerning the foregoing should be addressed to the Claims Administrator:

Sonar Capital Management Securities Class Action
Claims Administrator
c/o GCG
PO Box 9349
Dublin, OH 43017-4249
1-800-231-1815

7

You are entitled to reimbursement for your reasonable and necessary expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Claims Administrator.

## XV. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 or at www.gcginc.com.

If you have any questions about the Settlement, you may contact a representative of Plaintiffs' Counsel by calling the following toll-free number: 1-800-231-1815. You also may email Plaintiffs' Counsel at the following email address: info@gcginc.com. Any written inquiries about the Action should be addressed to Plaintiffs' Counsel at:

Sonar Capital Management Securities Class Action
Claims Administrator
c/o GCG
PO Box 9349
Dublin, OH 43017-4249

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Dated: April 8, 2013

BY THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

# EXHIBIT B

## Julie Meichsner

| | |
|---|---|
| From: | sfhubs@prnewswire.com |
| Sent: | Monday, April 22, 2013 6:01 AM |
| To: | GCGBuyers; Julie Meichsner |
| Subject: | PR Newswire: Press Release Clear Time Confirmation for Brower Piven, A Professional Corporation, and Shapiro Haber & Urmy LLP. ID#847146-1-1 |

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Brower Piven, A Professional Corporation and Shapiro Haber & Urmy LLP announce the Notice of Proposed Partial Settlement of Class Action for the Sonar Capital Management Securities Class Action
Word Count: 876
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
IRW
PR Newswire's Editorial Order Number: 847146-1-1

Release clear time: 22-Apr-2013 09:00:00 AM

* Clear time represents the time your news release was distributed to the newswire distribution you selected.

We encourage you to register for UBM's Business4Better Conference and Expo, http://www.business4better.org, May 1-2, in Anaheim, CA. PR Newswire is very proud to be part of this initiative to bring together businesses and nonprofits to form mutually beneficial partnerships that have substantive impact on societal causes.

Thank you for choosing PR Newswire!
********************************************************
COMPLIMENTARY SERVICES FOR MEMBERS

Are you getting the most out of your PR Newswire membership?
PR Newswire not only distributes your news; we provide complimentary news monitoring, intelligence and feedback to help you gauge its impact. Be sure to take advantage of these free services exclusively for PR Newswire members.

For more information, please contact our Information Desk at 888-776-0942, or email information@prnewswire.com

For a list of worldwide offices, please visit http://prnewswire.mediaroom.com/index.php?s=29545

Case 1:11-cv-09665-JSR   Document 71   Filed 05/15/13   Page 15 of 16

4/22/13                Brower Piven, A Professional Corporation and Shapiro Haber & Urmy LLP announce... -- NEW YORK, April 22, 2013 /PRNewswire/ --



 PRINT THIS

# Brower Piven, A Professional Corporation and Shapiro Haber & Urmy LLP announce the Notice of Proposed Partial Settlement of Class Action for the Sonar Capital Management Securities Class Action

<

NEW YORK, April 22, 2013 /PRNewswire/ -- The following statement is being issued by Brower Piven , A Professional Corporation and Shapiro Haber & Urmy LLP regarding the Sonar Capital Management Securities Class Action.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

SIDNEY GORDON and JEFFREY TAUBER , Plaintiffs, v. SONAR CAPITAL MANAGEMENT LLC, et al., Defendants.   DOCKET NO. 1:11-CV-09665 (JSR)

**SUMMARY NOTICE OF PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION**

To:  All persons and entities who sold shares of common stock of Sigma Designs, Inc. between July 13, 2007 and November 28, 2007, both dates inclusive.

This Summary Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), dated March 8, 2013. The purpose of this Summary Notice is to inform you of the proposed partial settlement of the above-entitled class action ("Action") against Defendant Noah Freeman .

A Settlement Hearing will be held before the Honorable Jed S. Rakoff, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, at 4:00 p.m. on May 22, 2013 in order: (1) to determine whether the Court should grant certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (2) to determine whether the Settlement consisting of $550,000 in cash, together with Defendant Freeman's agreement to cooperate in the continuing litigation against the non-settling Defendants (Sonar Capital Management, LLC Neil Druker, Primary Global Research, LLC, The John Doe Hedge Fund(s), and John and Jane Does 1 Through 100), should be approved as fair, reasonable, and adequate to the Settlement Class and the proposed Judgment entered; (3) to determine whether the proposed Plan of Allocation for the proceeds of the partial Settlement is fair and reasonable, and should be approved by the Court; (4) to determine whether the applications by Plaintiffs' Counsel for an award of attorneys' fees and expenses equal to up to one-third of the Settlement Amount should be approved; and (5) to rule upon such other matters as the Court may deem appropriate.

If you sold shares of Sigma Designs, Inc. common stock between July 13, 2007 and November 28, 2007 (both dates inclusive), and are not otherwise excluded from the Settlement Class, you are a Settlement Class Member. Settlement Class Members will be bound by the final judgment of the Court. If you are a Settlement Class Member, you do not need to submit a Proof of Claim at this time. This is only a partial Settlement with one of the Defendants in this Action. At this time, no funds are available to Class Members. If funds become available, you will be notified as to how the claim process will work.

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement, you may request to be excluded, in the manner set forth in the full Notice of Proposed Partial Settlement of Class Action ("Notice"), no later than May 7, 2013. If you do wish to be included in the Settlement Class and do not timely and validly request exclusion from the Settlement Class, but you wish to object to the Settlement, the Plan of Allocation, and/or Plaintiffs' Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, you may submit a written objection. You also may, but are not required to, appear at the Settlement Hearing. You must file and serve your written objection, in the manner specifically set forth in the Notice, no later than May 7, 2013. The procedures that MUST be followed for Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, the Plan of Allocation and/or application for attorneys' fees and/or reimbursement of expenses are set forth in full in the Notice. You are urged to obtain a copy of the

Case 1:11-cv-09665-JSR   Document 71   Filed 05/15/13   Page 16 of 16

4/22/13   Brower Piven, A Professional Corporation and Shapiro Haber & Urmy LLP announce... -- NEW YORK, April 22, 2013 /PRNewswire/ --

Notice, which includes, among other things, a description of: (1) the litigation in the Action prior to the Settlement; (2) the terms of the proposed partial Settlement; (3) the benefits of the partial Settlement to the Settlement Class; (4) the Plan of Allocation for the proceeds of the partial Settlement; (5) the rights of Settlement Class Members; (6) the release of claims against Defendant Freeman and his Related Parties; (7) the application for an award of attorneys' fees and expenses; and (8) additional details concerning the Settlement Hearing, excluding oneself from the Settlement Class and/or objecting to the partial Settlement, the Plan of Allocation, and/or the application for attorneys' fees and/or reimbursement of expenses.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

For additional information, you may contact the Claims Administrator at the following address:

Sonar Capital Management Securities Class Action
Claims Administrator
c/o GCG
PO Box 9349
Dublin, OH 43017-4249
1-800-231-1815

This is only a summary notice. The full notice may be accessed at: www.gcginc.com.

Dated: April 22, 2013.

Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

SOURCE Brower Piven, A Professional Corporation, and Shapiro Haber & Urmy LLP

**RELATED LINKS**
http://www.gcginc.com

**Find this article at:**
http://www.prnewswire.com/news-releases-test/brower-piven-a-professional-corporation-and-shapiro-haber--urmy-llp-announce-the-notice-of-proposed-partial-settlement-of-class-action-for-the-sonar-capital-management-securities-class-action-204081591.html

☐ Check the box to include the list of links referenced in the article.