UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIDNEY GORDON and JEFFREY TAUBER,

                      Plaintiffs,

               v.

SONAR CAPITAL MANAGEMENT LLC,
NOAH FREEMAN, NEIL DRUKER,
PRIMARY GLOBAL RESEARCH, LLC, SONAR
PARTNERS, LP, SONAR INSTITUTIONAL
FUND, LP, SONAR OVERSEAS FUND, LTD, and
JOHN AND JANE DOES 1 THROUGH 100.

                      Defendants.

11-cv-09665 (JSR)

**PROTECTIVE ORDER**



JED S. RAKOFF, U.S.D.J.

        The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

        ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

        1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

        2.     The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

        (a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, minimum guarantee payments, sales reports and sale margins, investment returns, trade records, arrangements with counterparties, assets under management, compensation-related information, and valuation reports);

        (b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)　previously nondisclosed business plans or models, product development information, marketing plans (including information concerning current, former or prospective clients or investors, except as set forth in paragraph 8 below), proprietary research or trading strategies, and information concerning current and former employees and consultants;

(d)　any information of a personal or intimate nature regarding any individual; or

(e)　any other category of information hereinafter given confidential status by the Court.

3.　With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.　If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.　No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)　the parties to this action;

(b)　counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)　as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)　any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)　any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Notwithstanding the foregoing or anything else in this Order, any person may identify in any amended pleading the name and state of residence of any individual or entity that is purported to be one of the "Jane and John Does 1-100" parties identified in the Second Amended Class Action Complaint; however any personal or financial information concerning such party that is disclosed in any Discovery Material (including, for the avoidance of doubt, the amount of such party's investment) shall continue to be deemed "Confidential Discovery Material." To the extent a person filing an amended pleading determines it is necessary to disclose any such personal or financial information concerning one of the "Jane and John Does 1-100" parties in such amended pleading, such personal or financial information shall be included exclusively in an appendix to such amended pleading (and not in the body of the pleading itself) and such appendix shall be filed under seal, with a copy of the appendix that redacts any Confidential Discovery Material publicly filed as set forth above.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Edward F. Haber, *pro hac vice*
Patrick J. Vallely, *pro hac vice*
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134
ehaber@shulaw.com
astewart@shulaw.com

David A.P. Brower
Brian C. Kerr
BROWER PIVEN
 Professional Corporation
475 Park Avenue South, 33rd Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300
brower@browerpiven.com
kerr@browerpiven.com

*Counsel to Co-Lead Plaintiffs Sidney*
*Gordon and Jeffrey Tauber*

Mark J. Hyland
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Washington, DC 20004
Tel: (212) 574-1200
hyland@sewkis.com

*Counsel to defendants Sonar Capital*
*Management LLC, Neil Druker, Sonar*
*Partners, LP; Sonar Institutional Fund, LP;*
*and Sonar Overseas Fund, Ltd.*

**SO ORDERED.**

JED S. RAKOFF, U.S.D.J.

Dated:     New York, New York
           January 31, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDNEY GORDON and JEFFREY TAUBER,<br><br>                    Plaintiffs,<br><br>               v.<br><br>SONAR CAPITAL MANAGEMENT LLC,<br>NOAH FREEMAN, NEIL DRUKER,<br>PRIMARY GLOBAL RESEARCH. LLC, SONAR<br>PARTNERS, LP. SONAR INSTITUTIONAL<br>FUND, LP, SONAR OVERSEAS FUND, LTD, and<br>JOHN AND JANE DOES 1 THROUGH 100.<br><br>                    Defendants. | 11-cv-09665 (JSR)<br><br>**NON-DISCLOSURE<br>AGREEMENT** |

     I, _____ , acknowledge that I have read and understand
the Protective Order in this action governing the non-disclosure of those portions of
Discovery Material that have been designated as Confidential. I agree that I will not
disclose such Confidential Discovery Material to anyone other than for purposes of this
litigation and that at the conclusion of the litigation I will return all discovery information
to the party or attorney from whom I received it.  By acknowledging these obligations
under the Protective Order, I understand that I am submitting myself to the jurisdiction of
the United States District Court for the Southern District of New York for the purpose of
any issue or dispute arising hereunder and that my willful violation of any term of the
Protective Order could subject me to punishment for contempt of Court.


Dated: _____          _____