

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SIDNEY GORDON,          :

        Plaintiff,          :          11-cv-9665 (JSR)

       -v-                  :          MEMORANDUM ORDER

SONAR CAPITAL MANAGEMENT LLC et al.,  :

        Defendants.        :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

     By Opinion and Order filed March 20, 2015, the Court denied the motion of Lead Plaintiffs Sidney Gordon and Jeffrey Tauber for class certification on the ground that neither was an appropriate class representative. However, the Court granted plaintiffs' counsel leave to renew the motion if, within 30 days, they were able to locate and join one or more additional plaintiffs who would be prepared to serve as appropriate class representatives. ECF No. 173. On April 6, 2015, plaintiff Jeffrey Tauber filed a petition pursuant to Fed. R. Civ. P. 23(f) for interlocutory review of the Court's class certification decision. ECF No. 178. By letter dated April 21, 2015, plaintiffs' counsel notified the Court that they were "not aware of any putative class member whom [they] could propose to be a class representative other than the two current named plaintiffs." Affidavit of Mark J. Hyland dated July 2, 2015 ("Hyland Aff."), Ex. 2.

     At oral argument on defendant's motion for summary judgment on June 12, 2015, plaintiffs' counsel stated, for the first time, that they had refrained from sending a notice to the putative class to solicit a new class representative because they believed themselves to have been constrained from doing so by some unspecified ethical rule. See Transcript dated June

12, 2015, ECF No. 196, at 44-48. Thereafter, plaintiffs' counsel sent a letter to the Court citing the authorities that they claimed support the ethical impediment they raised at oral argument. See Hyland Aff. Ex. 4. With the Court's permission, plaintiffs' counsel then filed the instant motion for leave to contact the class to solicit new class representatives.[1]

Upon review, the Court finds that neither plaintiffs' post-argument letter nor their briefs in support of the present motion identify any basis for counsel's purported ethical concerns. They rely primarily on Korn v. Franchard Corp., No. 67-CV-3445, 1970 WL 3481 (S.D.N.Y. Oct. 22, 1970). However, in that case, plaintiffs' counsel, under a pseudonym, used the names and addresses of investors that had been furnished to him for the sole purpose of sending a Notice and Proof of Claim to the class to solicit plaintiffs for an entirely different lawsuit. Id. at *3-*4. Here, by contrast, the Court expressly invited plaintiffs' counsel to locate a substitute class representative following the denial of class certification.

The additional cases from other jurisdictions cited by counsel are inapposite in that, unlike here, they involved use of investor contact information that was produced pursuant to a protective order. See Kaufman v. American Family Mutual Insurance Co., 601 F.3d 1088 (10th Cir. 2010) and Balschmiter v. TD Auto Finance LLC, No. 13-CV-1186-JPS, 2015 WL 2451853 (S.D.N.Y. May 21, 2015). Finally, contrary to counsel's contention,

---

[1] On July 1, 2015, the parties entered a Stipulation of Dismissal with Prejudice as to plaintiff Tauber. ECF No. 198. Tauber subsequently withdrew his Rule 23(f) petition. ECF No. 202.

nothing in the Court's Order Granting Preliminary Approval of Partial Settlement, Granting Conditional Certification, and Providing for Notice filed Mar. 8, 2013, ECF No. 65, limited their ability to send a notice to class members under the circumstances here.

Moreover, if counsel had had any doubts about the propriety of contacting the class, the time to raise their concern was before the Court's April 20, 2015 deadline. Notably absent from counsel's submissions regarding this issue is any description of the efforts they took, if any, to find an alternate class representative prior to that deadline. Indeed, they waited months, until June 12, to raise even their meritless claim of being ethically impeded from one avenue of contact. It seems plain, therefore, that counsel, having initially chosen the strategy of attempting an interlocutory appeal of the Court's order (an attempt they have now abandoned), have long since abandoned any right to pursue the alternative strategy they now essay.

For the foregoing reasons, plaintiffs' motion for leave to contact the class is denied on the grounds of gross untimeliness. The Clerk of the Court is directed to close document number 194 on the docket of this case. Counsel are directed to jointly call Chambers by July 22, 2015 to schedule trial of the claims of the remaining plaintiff, Sidney Gordon.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 17, 2015