UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SIDNEY GORDON and JEFFREY TAUBER,    :
                                     :
            Plaintiffs,              :
                                     :   11-cv-9665 (JSR)
      - v -                          :
                                     :   MEMORANDUM ORDER
SONAR CAPITAL MANAGEMENT LLC,        :
et al.,                              :
                                     :
            Defendants.              :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On June 7, 2013, the Court approved a class settlement between plaintiffs and defendant Noah Freeman in connection with allegations of insider trading. See Final Judgment and Order of Dismissal as to Defendant Freeman, ECF No. 73. As part of the settlement, $550,000 was placed in a Settlement Fund. At the time, the funds were not distributed because the plaintiffs believed additional sums for the class would be obtained from the other defendants. In the event, however, the cases against the other defendants were dismissed by the Court. See Opinion and Order dated July 30, 2015, ECF No. 205. In addition, plaintiffs appeal was ultimately withdrawn. With the case thus concluded, plaintiffs now move for an award of attorneys' fees and expenses from the Settlement Fund, as well as distribution of the remainder. In particular, plaintiffs ask that that remainder of the Settlement Fund be distributed to cy pres

1

recipients, because the costs of notifying and distributing the remainder to the as yet unknown claimants of the settlement class would cost more than the remainder itself. The Court grants plaintiffs' motion.

With respect to attorneys' fees, plaintiffs' counsel (consisting of two law firms) requests collectively one-third of the gross Settlement Fund, i.e., $183,333. Although the so-called "lodestar" (i.e., hours spent) must also be taken into taken into account, a percentage-of-fund approach is an acceptable methodology to calculate attorneys' fees in a common fund case of this kind, see Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47-50 (2d Cir. 2000), and an award of one-third of the gross settlement fund is not atypical in this District. See, e.g., In re Veeco Instruments Inc. Secs. Litig., No. 05-MDL-01695 (CM), 2007 WL 4115808 at *4 n.5 (S.D.N.Y. Nov. 7, 2007) (collecting cases awarding 33 1/3%). Nevertheless, in more recent years, this and other Courts in this District have tended toward regarding 25% (or less) as a more appropriate bench-mark. See City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp., 954 F. Supp. 2d 276, 281 (S.D.N.Y. 2013). However, the instant litigation was unusually difficult and protracted, and plaintiffs' counsel calculate their collective lodestar amount to be $1,721,558.50, i.e., many times one-third of the common fund. See Declaration of Brian C. Kerr in Support

of Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ¶ 6, ECF No. 216; Declaration of Edward F. Haber in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and for Order Regarding Distribution of Settlement Fund ¶¶ 5, 6, ECF No. 217. In light of this, the Court deems one third to be an appropriate amount and awards plaintiffs' counsel $183,333 in attorneys' fees.

The Court also grants plaintiffs' counsel's request for reimbursement of their respective out-of-pocket expenses, consisting of $63,885.71 by the firm of Shapiro Haber & Urmy, L.L.P. and $61,987.91 by the firm of Bower Piven, A Professional Corporation.[1] This is in addition to $18,304.99 in already-distributed expenses earlier approved by the Court, see Final Judgment and Order of Dismissal as to Defendant Freeman ¶ 8, ECF No. 73, so that the total award for expenses is $144,178.61. "It is well accepted that counsel who create a common fund are entitled to the reimbursement of expenses that they advanced to a class." In re Flag Telecom Holdings, Ltd. Secs. Litig., No. 02-cv-3400 (CM), 2010 WL 4537550 at *30 (S.D.N.Y. Nov. 8, 2010) (citations omitted). Given the length of the litigation, it is not unreasonable for counsel to have incurred the expenses for

---

[1] The Court reduces Shapiro Haber & Urmy L.L.P.'s request for expenses by two cents for ease of dividing the remainder of the Settlement Fund below.

which they seek reimbursement, such as for travel, expert fees, and transcripts. See Declaration of Brian C. Kerr in Support of Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ¶¶ 12, 13, ECF No. 216; Declaration of Edward F. Haber in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and for Order Regarding Distribution of Settlement Fund ¶¶ 7, 8, ECF No. 217. Finding that the expenses are reasonable, the Court awards them in full.

Additionally, the Court previously authorized a not-yet-distributed $68,386.07 payment to Garden City Group, LLC, ("Garden City") for administering the Settlement Fund. See Final Judgment and Order of Dismissal as to Defendant Freeman ¶ 1, ECF No. 73 ("The terms of the [Amended Stipulation and Agreement of Partial Class Settlement dated as of February 21, 2013] are fully incorporated in this Final Judgment as if set forth fully herein"); Declaration of Brian C. Kerr in Support of Plaintiffs' Motion for: (1) Final Approval of Class Notice and Final Certification of the Class for Purposes of Settlement; (2) Final Approval of Proposed Partial Settlement; (3) Approval of the Proposed Plan of Allocation; and (4) Reimbursement of Litigation Expenses Ex. A ("Amended Stipulation and Agreement of Partial Class Settlement dated as of February 21, 2013") ¶ 2.6, ECF No. 69 (authorizing payment for providing notice to class and for claims administration); Affidavit of Angela Ferrante Ex. A, ECF

4

No. 218 (Garden City's bill for claims administration). The Court reconfirms this award, which may now be distributed from the Settlement Fund.

After subtracting all of these amounts, $155,667.08 remains in the Settlement Fund.[2] However, in a detailed affidavit, Angela Ferrante of Garden City (the Distribution Agent) estimates that total expenses and fees for distributing the remaining $155,667.08 in the Settlement Fund would range from $270,000-$285,000. Id. ¶¶ 9-13. This is not surprising given the difficulties inherent in communicating with, and processing claims for, a class of sellers of a specific common stock during a limited period. Specifically, Garden City estimates, based on the number of Notices to class members it previously mailed, that there will be approximately 30,000 relevant class members. Id. ¶ 9. The costs of printing and mailing the requisite claim form to this group will be between $90,000 and $95,000. Id. ¶ 10. Assuming that 15% of these class members then submit claims (which Garden City, based on past experience, reasonably estimates, see id. ¶ 9), printing and postage costs for sending out the benefit checks would be another estimated $35,000 to $40,000. Id. ¶ 11. Finally, Garden City estimates that its fee for administering and distributing these notices and payments

---

[2] This includes $1,564.76 in interest that has accrued from the Settlement Fund's creation to August 9, 2016.

5

would be another $145,000-$150,000, bringing the total to $270,000 to $285,000, or nearly twice the remaining balance of the Settlement Fund. Id. ¶¶ 10, 12. Put another way, even if these estimates are somewhat overstated (and the Court has no reason to believe they are), attempting to distribute the remainder of the Settlement Fund would be a fruitless exercise that would, in the end, lead to the class members receiving nothing.

Recognizing this, plaintiffs ask that the remaining $155,667.08 be distributed to a cy pres recipient. The Second Circuit has recognized that cy pres distributions may be appropriate in "circumstances in which direct distribution to individual class members is not economically feasible . . . ." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436 (2d Cir. 2007) (quoting the American Law Institute's Principles of the Law of Aggregate Litigation § 3.08 (Draft)). The A.L.I. Principles of the Law of Aggregate Litigation (cited in draft form by the Second Circuit in Masters but now in final form) also suggest that "the court, when feasible, should require the parties to identify a [cy pres] recipient whose interests reasonably approximate those being pursued by the class." Principles of the Law of Aggregate Litigation § 3.07. See In re Citigroup Inc. Secs. Litig., No. 07-CV-9901 (SHS), 2016 WL 4198194 (S.D.N.Y. Aug. 9, 2016). Here, plaintiffs, unsolicited,

have done so. Specifically, they recommend (without opposition) that the Court award the remainder of the Settlement Fund to the Harvard Law School Program on Corporate Governance, the Columbia Law School Ira Millstein Center for Global Markets and Corporate Ownership, or "any other charitable or non-profit entity that the Court believes is appropriate under all of the circumstances." Plaintiffs' Memorandum of Law in Support of Their Motion for an Award of Attorneys' Fees and Expenses and for Order Regarding Distribution of Settlement Funds at 13, ECF No. 219.

 The Court agrees with plaintiffs that distribution to cy pres recipients is appropriate in this case because of the economic infeasibility of direct distribution to class members. It also concludes that law school entities centering on corporate governance and insider trading are recipients whose interests align with class members' in this insider trading suit. However, the Millstein Center is not the appropriate vehicle at Columbia, since Columbia's Center on Corporate Governance is more involved with the issues here pertinent. Also, with apologies to Harvard Law School (this judge's alma mater), the Court is of the view that the distribution should be made, if possible, to relevant academic centers located in the Southern District of New York, because so much securities law is shaped here. But the Court does not believe it would be

7

appropriate to distribute the entire sum to the Columbia center, both because of appearance problems (the undersigned teaches as an adjunct at Columbia Law School) and because there are many fine corporate governance centers at the many fine law schools in this judicial District.

Accordingly, the remaining $155,667.08 will be distributed in even portions to the four leading corporate law centers in the Southern District of New York (with apologies to other corporate law centers that may exist but with which the Court is unfamiliar). Specifically, $38,916.77 will be distributed to each of the following: (1) the Samuel & Ronnie Heyman Center on Corporate Governance at the Benjamin N. Cardozo School of Law, (2) the Center on Corporate Governance at Columbia Law School, (3) the Corporate Law Center at the Fordham University School of Law, and (4) the Program on Corporate Compliance and Enforcement at the New York University School of Law.

For the foregoing reasons, the Court hereby awards $183,333 in attorneys' fees to plaintiffs' counsel; $63,885.71 in expenses to plaintiffs' counsel Shapiro Haber & Urmy, L.L.P.; $61,987.91 in expenses to plaintiffs' counsel Bower Piven, A Professional Corporation; and $38,916.77 each to the four corporate law centers listed in the preceding paragraph. The Distribution Agent, with the assistance of plaintiff's counsel, is directed to make these distributions (as well as the

previously approved award of $68,386.07 to the Distribution Agent) by no later than August 31, 2016, and to notify the Court when all distributions are made.

The Clerk of Court is directed to close document number 215 on the docket of this case.

SO ORDERED.

Dated:  New York, NY
        August 10, 2016

JED S. RAKOFF, U.S.D.J.